1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10    CHARLES CHATMAN,

11              Plaintiff,                    No. CIV S-06-2912 LKK EFB P

12         vs.

13    TOM FELKER, Warden, et al.,

14              Defendants.                   <u>ORDER</u>

15    _____/

16         Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17    U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28

18    U.S.C. § 636(b)(1).

19         On November 27, 2007, the court dismissed plaintiff's initial complaint with leave to

20    amend. Plaintiff has filed a first amended complaint. The court has reviewed that complaint

21    and, for the limited purposes of screening it under 28 U.S.C. § 1915A, finds that it states the

22    following claims: (1) defendant Avila violated plaintiff's First Amendment rights by interfering

23    with his correspondence with an attorney with the U.S. Commission on Civil Rights and a state

24    senator; (2) Keating violated plaintiff's right of access to the courts by confiscating and

25    destroying materials that plaintiff was required to submit to at least two different courts, thereby

26    "derailing" the actions plaintiff was pursuing; (3) defendants Avila and Keating confiscated and

                                              1

destroyed plaintiff's legal materials in retaliation for plaintiff's having filed grievances; (4) while plaintiff was in administrative segregation, defendants Amero, Barcus, Gordon, Grimmond, Park, Patton, Pfat and Stiles confiscated his property in retaliation for plaintiff's having filed grievances; (5) defendants Amero, Houghland and Ross violated the Eighth Amendment by leaving plaintiff in a holding cage for five hours while he was handcuffed and wearing only his undergarments and intentionally was exposed to cold winter air coming in through an open door; (6) Amero, Houghland and Ross held plaintiff in the manner set out in claim five in retaliation for plaintiff's having filed grievances against prison officials; (7) Felker, McDonald and Perez maintained an unconstitutional policy of forcing prisoners discharged from the medical clinic to administrative segregation to walk the one-half mile distance in their undergarments from the clinic to the administrative segregation unit; (8) Dillard and Laguna violated plaintiff's Eighth Amendment rights by enforcing this policy, and making plaintiff walk this distance with crutches in a blizzard wearing only his undergarments; (9) Dillard and Laguna violated his Eighth Amendment rights in retaliation for plaintiff's having filed grievances against prison officials; (10) Koening violated plaintiff's Eighth Amendment rights by laughing at plaintiff when he arrived in the administrative segregation unit instead of helping plaintiff to warm up and dry off; (11) James, Cox, Roche and Harvey violated plaintiff's rights under the Eighth Amendment by refusing and delaying proper treatment for a medical condition that affects plaintiff's left foot.

The following allegations, however, do not state cognizable claims: (1) Felker and Perez violated plaintiff's First Amendment rights by encouraging and approving of Avila's interference with plaintiff's mail; (2) Felker and Perez condoned and supported Avila's and Keatings' interference with his mail in retaliation for plaintiff's having complained about his treatment by prison officials; (3) Felker, McDonald and Perez condoned the retaliatory confiscation of plaintiff's property by Amero, Barcus, Gordon, Grimmond, Park, Patton, Pfat and Stiles; and (4) Rath subjected him to cruel and unusual punishment.

////

Section 1983 creates a cause of action against any person who, under color of state law, deprives a citizen or person within the jurisdiction of the United Sates of a constitutional right. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48-49 (1988). State officials are not subject to suit under section 1983 unless they play an affirmative part in the alleged deprivation of constitutional rights. *Rizzo v. Goode*, 423 U.S. 362, 377 (1976). Thus, "[t]here is no respondeat superior liability under section 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984). A supervisor is liable for constitutional violations of his subordinates if he participated in or directed the violations, or knew of the violations and failed to act to prevent them, *Taylor,* 880 F.2d 1045, or if he implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation, *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989). Plaintiff alleges that he informed Felker, McDonald and Perez of Avila's conduct in confiscating plaintiff's outgoing correspondence, and that they then "knowingly encouraged" Avila's actions. These defendants could not have encouraged an act the learned about after it occurred. Insofar as plaintiff means that these defendants approved of past constitutional violations, such an allegation lacks the element of causation required under *Taylor* and *Hansen*. This claim must be dismissed.

Plaintiff also alleges that after he informed Felker, McDonald and Perez that Amero, Barcus, Gordon, Grimmond, Park, Patton, Pfat and Stiles confiscated his property, they condoned their subordinates' conduct. In this claim, plaintiff again attempts to subject Felker, McDonald and Perez to liability based solely on the fact of their supervisory positions. As explained, there is no respondeat superior under section 1983. This claim must be dismissed.

Plaintiff claims that Felker and Perez condoned and supported Avila's and Keatings' interference with his mail in retaliation for plaintiff having complained about his treatment by prison officials. To state a claim for retaliation, plaintiff must allege that on a specified date an individual state actor took adverse action against plaintiff for his engagement in a

constitutionally protected activity and the adverse action chilled plaintiff's exercise of his rights and did not reasonably advance a legitimate penological goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *Rizzo v. Dawson*, 778 F.2d 527, 531-32 (9th Cir. 1985). Missing from plaintiff's claim is the requirement that there be an adverse action. Plaintiff essentially alleges that defendants were motivated to improperly supervise their subordinates because plaintiff had exercised his First Amendment rights. While this is a creative way to attempt to piggy-back liability for the subordinates' actions onto the shoulders of the supervisors, it does not work. To proceed on this claim, it must appear from the complaint that there is a "causal connection between the supervisor's wrongful conduct and the constitutional violation." *Hansen*, 885 F.2d at 646. Here, no causal connection is apparent. Plaintiff alleges that he notified Felker and Perez of their subordinates' actions after they occurred. Therefore, any failure to discipline the subordinates did not adversely effect plaintiff unless they continued to violate plaintiff's rights. Even if they did continue to violate plaintiff's rights, Felker and Perez might be subject to liability for later constitutional violations, but not for the instant violation. Therefore, this claim must be dismissed.

Plaintiff claims that defendant Rath subjected him to cruel and unusual punishment. The only allegation against this defendant is that he found plaintiff guilty of an allegedly false rules violation report while plaintiff was absent from the proceedings. To state a claim that the conditions of imprisonment violate the Eighth Amendment prohibition on cruel and unusual punishment, plaintiff must allege a specific individual was deliberately indifferent to some basic human need such as food, clothing, shelter, medical care or safety. *See Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). A prison official is deliberately indifferent when he knows of and disregards a risk of injury or harm that "is not one that today's society chooses to tolerate." *See Helling v. McKinney*, 509 U.S. 25, 35 (1993); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Plaintiff does not allege that Rath adjudicated plaintiff guilty knowing that the consequence would be that plaintiff would be subjected to

inhumane conditions of confinement.

Plaintiff may proceed forthwith to serve defendants Amero, Avila, Barcus, Cox, Dillard, Felker, Gordon, Grimmond, Harvey, Houghland, James, Keating, Koening, Laguna, McDonald, Park, Perez, Patton, Pfat, Roche, Ross and Stiles on the claims the court has found to be cognizable and pursue only those claims, or he may delay serving any defendant and attempt to cure the defects identified in the claims the court found must be dismissed.

If plaintiff elects to attempt to amend his complaint, he has 30 days so to do. He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith on the claims the court has identified as cognizable, then within 20 days he must return materials for service of process enclosed herewith. In this event the court will construe plaintiff's election as consent to dismissal of all of his defective claims.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

////

The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  Plaintiff must not include in an amended pleading any preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like.  *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).  The court (and defendant) should be able to read and understand plaintiff's pleading within minutes.  *McHenry*, 84 F.3d at 1179-80 A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

If plaintiff's pleading is deficient on account of an omission or technical defect, the court will not dismiss it without first identifying the problem and giving plaintiff an opportunity to cure it.  *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  Plaintiff's pleading will be construed "liberally" to determine if plaintiff has a claim but it will be dismissed if plaintiff violates the federal rules, once explained, or the court's plain orders.

An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff

files an amended complaint, the original pleading is superseded.

By signing a first amended complaint plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). A California prisoner or parolee may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, §§ 3084.1, *et seq*. An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested." Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department. Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including the claims upon which the court has found plaintiff is entitled to proceed.

Accordingly, the court hereby orders that:

1. The following claims are dismissed with leave to amend: (1) defendants Felker and Perez "knowingly encouraged with limited approval," the conduct of Avila in violating plaintiff's First Amendment rights; (2) Felker and Perez condoned and supported Avila's and Keatings' interference with his mail in retaliation for plaintiff's having complained about his treatment by prison officials; (3) Felker, McDonald and Perez condoned the retaliatory confiscation of plaintiff's property by Amero, Barcus, Gordon, Grimmond, Park, Patton, Pfat and Stiles; (4) Rath subjected him to cruel and unusual punishment; and (5) Perez, Dillard and Laguna violated his Eighth Amendment rights in retaliation for plaintiff's having filed

grievances against prison officials.  Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants.  Plaintiff is not obliged to amend his complaint.

2.  The allegations in the pleading are sufficient at least to state the cognizable claims identified above.  *See* 28 U.S.C. § 1915A.  With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed April 18, 2008, 22 USM-285 forms and instructions for service of process on defendants Amero, Avila , Barcus, Cox, Dillard, Felker, Gordon, Grimmond, Harvey, Houghland, James, Keating, Koening, Laguna, McDonald, Park, Perez, Patton, Pfat, Roche, Ross and Stiles.  Within 20 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and 23 copies of the April 18, 2008, first amended complaint.  The court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4.  Defendants will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).  In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims without prejudice.

Dated:  April 28, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES CHATMAN,

        Plaintiff,               No. CIV S-06-2912 LKK EFB P

     vs.

TOM FELKER, et al.,

        Defendants.         <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

_____/

     Plaintiff hereby submits the following documents in compliance with the court's order

filed _____:

          <u>  1  </u>        completed summons form

          <u>  22  </u>       completed forms USM-285

          <u>  23  </u>       copies of the  <u>  April 18, 2008  </u>
                                 First Amended Complaint

Dated:

                                   _____
                                        Plaintiff