IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES CHATMAN,

        Plaintiff,                        No. CIV S-06-2912 LKK EFB P

    vs.

TOM FELKER, et al.,

        Defendants.              ORDER

                                  /

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This action proceeds against twenty-four defendants on thirteen claims. *See* Dckt. Nos. 16, 24. Pursuant to the updated discovery and scheduling order, all written discovery requests were to be served by May 8, 2011, and all motions to compel were to be filed by July 10, 2011. Dckt. No. 59. In a motion to compel with a proof of service dated July 10, 2011, plaintiff moves to compel defendants McDonald, J. Stiles, Amero, S. Stiles, and Barcus to respond to his interrogatories. Dckt. Nos. 65, 67.[1] For the reasons stated below, plaintiff's

---

[1] Plaintiff initially moved to compel discovery responses from additional defendants, and to compel defendants' responses to his requests for production of documents. Dckt. No. 65 (including defendants Perez, Guimond, Ross, Hougland, and Rath). In their opposition, defendants contended that plaintiff's motion was moot as to the requests for production and as to defendants Perez, Guimond, and Ross's responses, because defendants had responded to those requests. Dckt. No. 66 at 3, 4, 6. It appears from plaintiff's reply brief that he has withdrawn his motion as to his requests for production, and as to responses from defendants Perez, Guimond, Ross, Hougland and Rath. *See* Dckt. No. 67 ¶¶ 16, 17 (noting he will "not pursue" the issue of

1

motion is granted.

Plaintiff moves to compel defendants McDonald, J. Stiles, S. Stiles, and Barcus's responses to his first set of interrogatories. Pursuant to Federal Rule of Civil Procedure ("Rule") 33(b)(2), the responding party "must serve its answers and any objections within 30 days after being served with the interrogatories."

Defendants concede that McDonald had not yet responded to plaintiff's requests and sought an additional 30 days to complete discovery on behalf of McDonald.[2] Dckt. No. 66 at 2. In light of defendants' admission, plaintiff's motion to compel McDonald's discovery responses must be granted.

As to J. Stiles, defendants contend that no interrogatories were properly propounded. They admit, however, to being served with interrogatories directed to defendant "Stiles" at a time when only one of the two "Stiles" defendants had been served with process and was represented by defense counsel. Dckt. No. 66 at 3-4, Ex. B. To the extent there was any genuine confusion about which "Stiles" defendant these interrogatories were directed, it is now clear that they were directed to J. Stiles. Plaintiff's motion to compel J. Stiles' discovery responses is therefore granted.

As to S. Stiles and Barcus, defendants contend there is no outstanding discovery. Dckt. No. 66 at 5-6. Plaintiff declares under penalty of perjury that he served his first set of interrogatories for S. Stiles and Barcus on February 9, 2011. Dckt. No. 65, Pl.'s Decl. ¶ 6. Plaintiff also provides copies of those interrogatories. *Id.*, Ex. C. In a letter dated March 7, 2011, defense counsel acknowledged their receipt, but explained to plaintiff that S. Stiles and

---

defendants Rath and Hougland's discovery responses, that his motion to compel "should be granted against defendants McDonald, Amero, J. Stiles, S. Stiles, and Barcus," and that he is "only asking the Court to keep [the] Motion to Compel . . . opened . . . on that particular topic, since the documents arrived after the Discovery deadline . . . .").

[2] In a later filing, however, defendants indicate that McDonald served his responses to plaintiff's interrogatories on September 8, 2011. Dckt. No. 68.

2

Barcus were not yet her clients. Dckt. No. 67, Ex. A. She informed plaintiff that if they became her clients, plaintiff should "send a short correspondence asking that we respond to the Interrogatories previously copied/sent . . . . [and that] [t]here is no need to re-serve those documents." *Id.* As defense counsel now represents both S. Stiles and Barcus, and plaintiff has, through his motion to compel, requested responses to the interrogatories previously served, plaintiff's motion to compel the responses of S. Stiles and Barcus, is granted.

Plaintiff also moves to compel defendant Amero's responses to his first, second, and third sets of interrogatories. Plaintiff notes that he does not have a copy of the first set of interrogatories. Capitalizing on this, defendants vaguely respond that if Amero "is required to provide responses . . . and if they can be located," they request thirty days to respond. Dckt. No. 66 at 4. Implicit in defendants' response is an admission that Amero did not respond to plaintiff's first set of interrogatories, and a suggestion that the interrogatories might not have been served on Amero. But in a December 22, 2010 letter directed to plaintiff, defense counsel acknowledged receipt of all three sets of interrogatories directed to Amero.[3] Dckt. No. 67, Ex. A. Accordingly, Amero is ordered to respond to plaintiff's first set of interrogatories. Should defendants be unable to locate the first set of interrogatories, despite having acknowledged their receipt, they shall so inform plaintiff, who may then promptly re-serve them on Amero, or draft and serve a new set, if necessary.

Despite a complete failure to respond to the first set of interrogatories, Amero objected to the second and third sets of interrogatories on the grounds that, pursuant to Rule 33, plaintiff must obtain leave of court before asking more than 25 questions.[4] Dckt. No. 66 at 5. Defendants also contend that the second and third sets failed to contain a proper proof of service,

---

[3] It appears that any problem in locating the discovery requests is attributable to defendants and not plaintiff.

[4] Rule 33(a)(1) states that a party may serve no more than 25 written interrogatories on another party unless "otherwise stipulated" or "ordered by the court."

1  and that plaintiff has not provided copies of the interrogatories he would like answered.  At the
2  same time, however, defendants are able to describe the interrogatories as "essentially ask[ing]
3  Defendants to verify what is said in documents."  Dckt. No. 66 at 5.  Defendants' arguments –
4  whichever they may be – are unavailing.  Defense counsel acknowledged that no later than
5  December 22, 2010, she had received the second and third sets of interrogatories.  Dckt. No. 67,
6  Ex. A.  Moreover, plaintiff attached the second and third sets as Exhibit B to his motion to
7  compel, and declared under penalty of perjury that he served them on November 3 and
8  November 4, 2010.  Dckt. No. 65, Pl.'s Decl. ¶ 3.  For these reasons, defendants' objections are
9  overruled and plaintiff is granted leave, *nunc pro tunc*, to serve all three sets of interrogatories on
10 Amero.  Additionally, plaintiff's motion to compel Amero's responses is granted.

    Accordingly, IT IS HEREBY ORDERED that:

    1.  Plaintiff's July 14, 2011 motion to compel (Dckt. No. 65) is granted as stated above.

    2.  If defendants McDonald, J. Stiles, Amero, S. Stiles, and Barcus have not already done so, they shall, within 21 days after the filing date of this order, provide responses to plaintiff's interrogatories, as discussed above.  Any request to extend this deadline shall be accompanied by an appropriate declaration establishing good cause, including an explanation as to what efforts have been made to respond to the discovery requests since they were first served.

    3.   Any further motion to compel based on defendants' discovery responses served in accordance with this order must be filed within 30 days of plaintiff's receipt of those responses.

    4.  Dispositive motions, if any, shall be filed within 90 after the filing date of this order.[5]

DATED:  March 16, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[5] On October 6, 2011, the court vacated the deadline for filing dispositive motions in light of plaintiff's then pending motion to compel, and because the parties had indicated that they were engaged in settlement negotiations.  Dckt. No. 69.  It appears from the docket that settlement discussions between the parties were not successful.  *See* Dckt. Nos. 68, 70.