IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES CHATMAN,

        Plaintiff,                   No. 2:06-cv-2912 LKK EFB P

       vs.

TOM FELKER, et al.,

        Defendants.            ORDER

_____/

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. The remaining defendants in this action move for summary judgment. Dckt. No. 77. Plaintiff filed an opposition on November 28, 2012, which the court deemed timely. Dckt. Nos. 88, 89. Rather than submit a reply brief, defendants have filed a self-styled "response." Dckt. No. 92. According to defendants, it would be "incredibly time consuming if not impossible" to draft a reply to plaintiff's 217-page opposition "in its current form." *Id.* at 2. Defendants object that plaintiff has not complied with Local Rule 260(b) by reproducing defendants' undisputed facts along with plaintiff's response. Defendants would like the court to order plaintiff to comply with the rule or to otherwise provide some guidance to defendants.

       Defendants note that their own motion is 236 pages long. *Id.* While plaintiff may not have complied with the letter of Local Rule 260(b), he has complied with its purpose that; i.e.

1

that each party identify what facts they rely on and annotate those facts with citation to the evidence in support of each fact.  Moreover, plaintiff is a pro se litigant.  His opposition is well organized and not unreasonably long (50 pages of brief, plus exhibits) in light of the number of claims and the length of defendants' motion, and it is not difficult to determine the facts asserted by plaintiff or the legal arguments in support of his opposition.  Defendants should have submitted a timely reply or sought an extension of time if they believed one was necessary.

Nevertheless, the court will provide defendants another opportunity to file a reply brief.  Due to the time necessary to allow defendants to file a reply, the court cannot currently rule on the summary judgment motion.  Therefore, under Federal Rule of Civil Procedure 56(e)(1) and (4), to provide defendants this opportunity to address plaintiff's assertions of fact, the court will vacate the motion for summary judgment from the court's calendar until defendant's reply, if any, is timely filed.  This action is purely administrative and the parties need take no further action.

Once defendants have filed a reply or the time for doing so has expired, the undersigned will issue findings and recommendations regarding the August 1, 2012 motion for summary judgment appearing at Docket No. 77.

Accordingly, it is hereby ORDERED that:

1. Defendants shall have 30 days from the date of this order to file a reply to plaintiff's opposition to defendants' motion for summary judgment.

2. The August 1, 2012 motion for summary judgment (Dckt. No. 77) is administratively vacated pending receipt of defendants' timely reply.

Dated:  March 19, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2