UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CHATMAN, | No. 2:06-cv-2912-LKK-EFB P |
| Plaintiff, | |
| v. | ORDER |
| TOM FELKER, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 23, 2013, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. After an extension of time, defendants have filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a <u>de novo</u> review of this case. For the reasons set forth <u>infra</u>, the court finds the findings and recommendations to be supported by the record and by proper analysis.[1]

---

[1] Two technical corrections to citations in the findings and recommendations are made by this order: p.9, l.1, the citation is to ECF No. 13 at 13; p. 10, l.12, the citation is to the Amended

1

Most of defendants' objections consist of rearguing the factual record. The magistrate judge's findings and recommendations reflect a thorough analysis of that record in a manner consistent with standards applicable to a motion for summary judgment and his findings are fully supported by the record.

Only two of defendants' objections warrant discussion by this court. First, defendants object to the magistrate judge's recommendation that the motion for summary judgment be denied on plaintiff's second claim, arising from defendant Mailroom Sergeant Keating's denial to plaintiff free postage for mail addressed to Lassen County Sheriff Ronald D. Jarrell. Defendants contend this claim should be analyzed under the cases cited in the analysis of the first claim which hold that "[p]risons have a legitimate interest in controlling the amount of postage they provide to indigent inmates" and that inmates do not have a constitutional right to free postage "simply" because they are "sending documents to courts, public officers, or lawyers." Findings and Recommendations (ECF No. 95) at 9. Defendants' argument misses the mark. In analyzing the second claim, the magistrate judge properly focuses on the standard for a claim of interference with the constitutional right of access to the courts. Id. at 11-12. Claim two raises the question of whether the denial of free postage to plaintiff, who is indigent, to return documents for service of process as ordered by a court caused actual injury to plaintiff's constitutional right to access the courts and not, more generally, whether prison inmates are entitled to free postage. Defendants' objections to the findings and recommendations on claim two are without merit.

Defendants also contend before this court that they are entitled to qualified immunity on two claims because, in their view, relevant principles of law were not clearly established at the time of relevant events. See Objections (ECF No. 98) at 13-14; 17-18. Defendants did not make this argument to the magistrate judge in their motion for summary judgment.

This court has the discretion whether to consider the argument now, see U.S. v. Song Ja Cha, 597 F.3d 995, 1003 (9th Cir. 2010) (quoting Brown v. Roe, 279 F.3d 742, 744 (9th Cir. 2002) ("A district judge has discretion to consider new evidence or legal arguments made only in . . .

---

Complaint (AC) at 10.

1  objections to [a] magistrate judge's report, but . . . 'must actually exercise its discretion, rather
2  than summarily accepting or denying the motion'") and declines to do so.  In their motion for
3  summary judgment, defendants contended only that they are entitled to qualified immunity
4  because, in their view, undisputed facts show that there were no violations of plaintiff's
5  constitutional rights.  Motion for Summary Judgment (ECF No. 77) at 58.  Nowhere did
6  defendants argue that applicable principles of law were not clearly established at the time of
7  relevant events and, indeed, they stated that the believed that "the Court need not entertain the
8  qualified immunity analysis" but they included a general assertion of the defense "in an
9  abundance of caution."  Id.

10      As the magistrate judge noted in the findings and recommendations, "[d]efendants had the
11  opportunity to raise any arguments they had at their disposal in favor of summary judgment in
12  their brief in support of the motion."  Findings and Recommendations (ECF No. 95) at 42.  The
13  Local Rules of this Court commit to the magistrate judges in the first instance all dispositive and
14  non-dispositive motions in prisoner civil rights actions.  See Local Rule 302(c)(17).
15  Considerations of judicial economy require that the magistrate judge be given the opportunity in
16  the first instance to consider all arguments of law and fact in making findings and
17  recommendations on dispositive motions.  Defendants have made no showing why the arguments
18  they now make to this court could not have been made before the magistrate judge in the original
19  briefing on their motion for summary judgment.  Defendants may, if they choose, file a request
20  with the magistrate judge to file a supplemental motion for summary judgment limited to the
21  qualified immunity arguments raised for the first time in their objections to the findings and
22  recommendations.

23      Accordingly, IT IS HEREBY ORDERED that:

24      1. Except as modified by footnote one of this order, the findings and recommendations
25  filed July 23, 2013, are adopted in full; and

26      2. Defendants' motion for summary judgment (ECF No. 77) is granted in part and denied
27  in part as follows:

28          a. Claim 1 – granted;

b. Claim 2 – granted as to plaintiff's allegations regarding *Chatman v. Rianda*, Kings County Case No. 02CV7140, and otherwise denied;

c. Claim 3 – granted as to defendant Avila and otherwise denied;

d. Claim 4 – denied;

e. Claim 5 – granted;

f. Claim 6 – denied;

g. Claim 7 – granted as to defendant Ross and otherwise denied;

h. Claim 8 – denied;

i. Claim 9 – granted;

j. Claim 10 – denied;

k. Claim 11 – granted;

l. Claim 12 – denied; and

m. Claim 13 – granted as to defendant Roche and otherwise denied.

DATED: September 13, 2013

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT